# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| GE LIGHTING SOLUTIONS, LLC, | ) | Civil Action No.: 1:12-cv-03131 |
|  | ) |  |
| Plaintiff/Counterclaim Defendant, | ) | JUDGE DAN AARON POLSTER |
|  | ) |  |
| v. | ) | **LIGHTS OF AMERICA, INC.'S** |
|  | ) | **ANSWER, DEFENSES AND** |
| LIGHTS OF AMERICA, INC., | ) | **COUNTERCLAIMS TO GE** |
|  | ) | **LIGHTING SOLUTIONS, LLC'S** |
| Defendant/Counterclaim Plaintiff. | ) | **COMPLAINT** |
|  | **)** |  |
|  | ) | **Jury Demand Endorsed Hereon** |

Defendant Lights of America, Inc. ("LOA"), by and through its attorneys, respectfully submits its Answer, Affirmative Defenses, and Counterclaims in response to the Complaint of Plaintiff GE Lighting Solutions, LLC ("GE Lighting") as follows:

## THE PARTIES

### GE Lighting Solutions, LLC

1. LOA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore denies them.

2. LOA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and therefore denies them.

3. LOA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and therefore denies them.

4. LOA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and therefore denies them.

5. LOA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 and therefore denies them.

6. LOA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and therefore denies them.

7. Admitted.

8. LOA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and therefore denies them.

**Lights of America, Inc.**

9. Admitted.

10. Admitted.

**JURISDICTION AND VENUE**

11. LOA admits that the Complaint purports to allege an action for patent infringement pursuant to 35 U.S.C. § 271, but denies that the Complaint properly states such a claim and specifically denies any wrongdoing or infringement.

12. Paragraph 12 states legal conclusions to which no response is required. Insofar as that paragraph contains factual allegations, LOA denies them.

13. Paragraph 13 states legal conclusions to which no response is required. Insofar as that paragraph contains factual allegations, LOA denies them.

14. Paragraph 14 states legal conclusions to which no response is required. Insofar as that paragraph contains factual allegations, LOA denies them.

**THE PATENTS-IN-SUIT**

15. LOA admits that what purports to be a copy of U.S. Patent No. 6,787,999 is attached as Exhibit A to the Complaint and further answering, states that said document speaks

for itself. LOA denies that U.S. Patent No. 6,787,999 was duly and legally issued. LOA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 and therefore denies them.

16. LOA is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 16 and therefore denies them.

17. LOA admits that what purports to be a copy of U.S. Patent No. 6,799,864 is attached as Exhibit B to the Complaint and further answering states that said document speaks for itself. LOA denies that U.S. Patent No. 6,799,864 was duly and legally issued. LOA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 and therefore denies them.

18. LOA is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 18 and therefore denies them.

## COUNT I

### Infringement of U.S. Patent No. 6,787,999

19. LOA repeats and reavers its answers to paragraphs 1 through 18 of the Complaint as if set forth herein.

20. LOA denies the allegations in the first sentence of paragraph 20. Answering the second sentence, LOA admits that a document is attached as Exhibit C to the Complaint, states that said document speaks for itself, denies each and every other allegation in that sentence, and specifically denies infringement.

21. Denied.

22. Denied.

## COUNT II

## Infringement of U.S. Patent No. 6,799,864

23. LOA repeats and reavers its answers to paragraphs 1 through 22 of the Complaint as if set forth herein.

24. LOA denies the allegations in the first sentence of paragraph 24. Answering the second sentence, LOA admits that a document is attached as Exhibit D to the Complaint, states that said document speaks for itself, denies each and every other allegation in that sentence, and specifically denies any infringement.

25. Denied.

26. Denied.

## GE LIGHTING'S REQUESTED RELIEF

LOA denies that GE Lighting is entitled to any of the relief requested by it.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

In addition to the allegations set forth in LOA's Counterclaim (which are incorporated herein by reference), a reasonable opportunity for further investigation or discovery is likely to provide additional evidentiary support that one or more of the claims in the patents-in-suit are invalid or unenforceable under one or more provisions of the Patent Act, 35 U.S.C. §101 et seq., including but not limited to §§101, 102, 103 and/or 112 thereof, and related judicial decisions.

## THIRD AFFIRMATIVE DEFENSE

LOA has not infringed, either directly, contributorily, or by inducement, any claim of any of the patents-in-suit, either literally or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from asserting infringement under the doctrine of equivalents by the doctrine of prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded by laches, estoppel and/or waiver from asserting the patents-in-suit, in whole or in part, against LOA.

**SIXTH AFFIRMATIVE DEFENSE**

The patents-in-suit are unenforceable due to the unreasonable and unexplained delay in prosecuting the claims of said patents.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the provisions of 35 U.S.C. §286.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's damages are limited by 35 U.S.C. §287, and the limitations period further bars past damages claims.

**NINTH AFFIRMATIVE DEFENSE**

LOA reserves the right to add such additional affirmative defenses as it may become aware of through the course of discovery.

**WHEREFORE,** LOA prays that GE Lighting's Complaint be dismissed with prejudice, that judgment be entered for LOA on all claims, and that LOA be awarded its attorneys' fees and costs, together with such other and further relief as the Court deems just and appropriate.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Lights of America, Inc. ("LOA"), by and through its attorneys, states its counterclaims against Plaintiff and Counterclaim Defendant GE Lighting Solutions, LLC ("GE Lighting") as follows:

### The Parties

1. LOA is a California corporation, having a place of business at 611 Reyes Drive, Walnut, California.

2. GE Lighting alleges that it is a Delaware Limited Liability Company having its principal place of business located at 1975 Noble Road, NELA Park, East Cleveland, OH 44112.

3. LOA seeks a declaration of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq. and the patent laws of the United States, 35 U.S.C. § 1 et. seq.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over these Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and under the Patent Laws of the United States, 28 U.S.C. §§ 1331 and 1338(a).

5. GE Lighting has consented to personal jurisdiction and venue in this judicial district with respect to LOA's Counterclaims by appearing before, and filing its Complaint against LOA in, this Court.

6. GE Lighting alleges that it owns the entire right, title, and interest in United States Patent Nos. 6,787,999 and 6,799,864 by assignment.

7. GE Lighting alleges that LOA infringes United States Patent Nos. 6,787,999 and 6,799,864 whereas LOA denies that it infringes any claim of United States Patent Nos. 6,787,999

and 6,799,864 and denies the claims of United States Patent Nos. 6,787,999 and 6,799,864 are valid.

8. There is an actual justiciable controversy between LOA and GE Lighting concerning the non-infringement and invalidity of United States Patent Nos. 6,787,999 and 6,799,864.

## Counterclaim Count I

(Declaratory Judgment of Non-Infringement of United States

Patent Nos. 6,787,999 and 6,799,864)

9. LOA incorporates its responses to GE Lighting's Complaint, its Defenses, and Paragraphs 1 through 8 of these Counterclaims as if fully set forth herein.

10. An actual and justiciable controversy has arisen between LOA and GE Lighting concerning the infringement of United States Patent Nos. 6,787,999 and 6,799,864.

11. LOA has not infringed any valid and enforceable claim of United States Patent Nos. 6,787,999 or 6,799,864, either literally or under the doctrine of equivalents.

12. Accordingly, LOA seeks a judgment from this Court declaring that it does not infringe and has not infringed, by any LOA product, either literally, or under the doctrine of equivalents, any claim of United States Patent Nos. 6,787,999 or 6,799,864.

## Counterclaim Count II

(Declaratory Judgment of Invalidity of United States Patent

Nos. 6,787,999 and 6,799,864)

13. LOA incorporates its responses to GE Lighting's Complaint, its Defenses, and Paragraphs 1 through 12 of these Counterclaims as if fully set forth herein.

14. An actual and justiciable controversy has arisen between LOA and GE Lighting concerning the invalidity of United States Patent Nos. 6,787,999 and 6,799,864.

15. The claims of United States Patent Nos. 6,787,999 and 6,799,864 are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, judicial decisions, and laws pertaining thereto.

16. Accordingly, LOA seeks a judgment from this Court declaring that United States Patent Nos. 6,787,999 and 6,799,864 are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq.,* including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

**WHEREFORE,** LOA prays that the Court enter an order as follows:

A. Dismissing all of GE Lighting's Complaint against LOA in its entirety, with prejudice, and denying GE Lighting's request for damages and injunctive relief;

B. Declaring that LOA has not infringed and is not infringing, either directly, indirectly, or otherwise, literally or under the Doctrine of Equivalents, any valid or enforceable claim of United States Patent Nos. 6,787,999 and 6,799,864;

C. Declaring that United States Patent Nos. 6,787,999 and 6,799,864 are invalid;

D. Awarding reasonable attorney fees and costs to LOA under, but not limited to, 28 U.S.C. §285;

E. That all costs incurred in this matter be taxed to and against GE Lighting; and

F. That LOA be granted such other and additional relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

LOA hereby respectfully requests a jury trial on all issues and claims so triable.

Respectfully submitted,

**DEFENDANT/COUNTERCLAIM PLAINTIFF**
**Lights of America, Inc.**

By its attorneys,

*/s/ Rachael L. Israel*
Rachael L. Israel (0072772)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: (216) 621-5161
Facsimile: (216) 621-2399
E-mail: risrael@thinkgk.com

and

Gary W. Smith
Jon C. Cowen
(motions for admission *pro hac vice* to be filed)
POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
Telephone: (617) 973-6100
E-mail: gsmith@pbl.com
jcowen@pbl.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing *Lights of America, Inc.'s Answer, Defenses and Counterclaims to GE Lighting Solutions, LLC's Complaint* has been filed electronically this 25th day of February, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

          /s/ Rachael L. Israel
          *Attorney for Defendant/Counterclaim Plaintiff*
          *Lights of America, Inc.*