**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GE LIGHTING SOLUTIONS, LLC,** | ) | |
| | ) | **Case No.  1:12-CV-3131** |
| **Plaintiff,** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| **v.** | ) | |
| | ) | |
| **LIGHTS OF AMERICA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ————————————— | ) | |
| | ) | |
| **GE LIGHTING SOLUTIONS, LLC,** | ) | **Case No.  1:12-CV-3132** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LIGHTING SCIENCE GROUP CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ————————————— | ) | |
| | ) | |
| | ) | |
| | ) | |
| **GE LIGHTING SOLUTIONS, LLC,** | ) | **Case No.  1:12-CV-3134** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FEIT ELECTRIC COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ————————————— | ) | |
| **GE LIGHTING SOLUTIONS, LLC,** | ) | **Case No.  1:12-CV-3136** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |

|          |     |                              |
|----------|-----|------------------------------|
|          | )   |                              |
| **v.**   | )   |                              |
|          | )   |                              |
| **MSI, LLC,** | )   | **MEMORANDUM OF OPINION AND** |
|          | )   | **ORDER**                    |
| **Defendant.** | )   |                              |

**\*\*THIS DOCUMENT APPLIES TO ALL OF THE ABOVE-CAPTIONED CASES\*\***

GE Lighting Solutions, LLC ("GE") filed suit against Lights of America, Inc., Lighting Science Group Corporation, Feit Electric Company, Inc. and MSI, LLC (collectively, "Defendants") for infringing two of its patents, U.S. Patent No. 6,799, 864 ("the '864 Patent") and U. S. Patent No. 6,787,999 ("the '999 Patent"). The patents involve a process of absorbing or receiving heat from LED light bulbs and dissipating the heat. The parties disagree on how certain claim terms in the patents should be construed and, in addition, the Defendants contend that two of the disputed claim terms – "elongated" and "heat sink" – are indefinite. As a result, the Court scheduled a combined Claim Construction and Indefiniteness hearing ("April 17th hearing"), and asked the parties to file expert reports on the issue of indefiniteness. Currently pending before the Court is GE's motion to exclude the testimony and strike the expert reports of Defendants' expert, Alfonso Ortega ("Motion to Strike"). For the reasons below, the Court denies the Motion.

GE brings its Motion to Strike under Federal Rule of Evidence 702 and the standards set forth in *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993). In *Daubert,* the Supreme Court held that district courts must act as "gatekeepers" to protect juries from inadmissible expert testimony. *Daubert,* 509 U.S. at 589, 591-95. Under Federal Rule of Evidence 702, an expert witness's testimony is admissibly only if, among other things, the testimony is the product

1

of reliable principles and methods and the expert reliably applied the principles and methods to the facts of the case.  Fed. R. Evid.702.  GE asserts that Dr. Ortega's opinions fail to meet the requirements of Federal Rule of Evidence 702 and *Daubert* because, in considering whether "heat sink" and "elongated" are indefinite, Dr. Ortega applied the wrong legal standard and relied on "prior-art-type invalidity issues."  The Court disagrees.

First, as Defendants point out, the Sixth Circuit has instructed that "[t]he 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a  bench trial." *Deal v. Hamilton County Bd. of Educ.,* 392 F.3d 840, 852 (6th Cir. 2004).  Thus the importance of the judge's gatekeeping role is limited where, as here, the judge is the trier of fact, will be ruling on claim construction and indefiniteness as a matter of law and will be evaluating the weight to give to the expert testimony.  If GE wants to argue at the April 17th hearing that Dr. Ortega's opinions should be given little or no weight, it can do so and the Court can then consider how much weight it wants to give to Dr. Ortega's opinions.

Second, to the extent that the gatekeeper doctrine is relevant to the April 17th hearing, the Court finds that Dr. Ortega applied the correct standard for evaluating indefiniteness in his expert report.  The Patent Act requires that a patent specification "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  35 U.S.C. § 112, ¶ 2 (2006).  This is referred to as the "definiteness requirement."  In June, 2014, the Supreme Court, in *Nautilus v. Biosig*, formulated a new standard for the definiteness requirement.  *Nautilus Inc. v. Biosig Instruments, Inc*., 134 S.Ct. 2120, 2124 (2014).  The Court held that a "patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform,

2

with reasonable certainty, those skilled in the art about the scope of the invention." *Id.* Interpreting and applying *Nautilus,* the Federal Circuit has ruled that "[t]he claims, when read in light of the specification and the prosecution history, must provide objective boundaries for those of skill in the art." *Interval Licensing LLC v. AOL*, 766 F.3d 1364, 1371 (Fed. Cir. 2014)

GE contends that Dr. Ortega applied the wrong standard for determining indefiniteness because his "report explicitly analyzes *indefinitness* in light of how one skilled in the art would view *infringement* of the asserted patents."  (Motion to Strike at 6) (emphasis in original).  In support, GE points to portions of Dr. Ortega's expert report where he considers whether one would know how to avoid infringing the '864 and '999 Patents.  For instance, Dr. Ortega opines that he "cannot discern how any one of the named defendants would know how to avoid infringement of the '864 patent because the scope of the term 'elongated' is not clear..." (Doc. # 54, Case No. 12cv3131, "Ortega Report" at ¶ 65).  The Court disagrees with GE's contention that these statements render Dr. Ortega's expert testimony inadmissible.  Dr. Ortega's statements concerning infringement are in accordance with the very purpose of the definiteness requirement.  "The primary purpose of the definiteness requirement is to ensure that the claims are written in such a way that they give notice to the public of the extent of the legal protection afforded by the patent, so interested members of the public, *e.g.,* competitors of the patent owner, can determine whether or not they infringe." *All Dental Produx, LLC v. Advantage Dental Prod. Inc.,* 309 F.3d 774, 779 (Fed. Cir. 2002) (citation omitted).  The Supreme Court recognized this purpose in *Nautilus*:

> "[A] patent must be precise enough to afford clear notice of what is
> claimed, thereby apprising the public of what is still open to them...
> Otherwise there would be a zone of uncertainty which enterprise and
> experimentation may enter only at the risk of infringement claims."

*Nautilus,* 134 S.Ct. at 2129.

Dr. Ortega's conclusion that "elongated" and "heat sink" are indefinite is based on his opinion that the claim language, specification, and prosecution history do not provide guidance to one of ordinary skill in the art about the scope or boundaries of these terms.  (Ortega Report at ¶ ¶ 31, 33).  That Dr. Ortega also considers the policy rationale behind the definiteness requirement does not render his expert testimony inadmissible.[1]

GE also argues that Dr. Ortega's opinions fail to meet the requirements of Federal Rule of Evidence 702 and *Daubert* because he makes statements concerning prior art that "have nothing to do with indefiniteness."  (Motion to Strike at 12).  In the "Background of Technology and Patents-in-Suit" section of his expert report, Dr. Ortega discusses prior art to provide context for heat sink technology.  Despite GE's argument, prior art is indeed relevant in determining the scope of the alleged invention and whether that scope is described in such a way that one of skill in the art can determine it to a reasonable certainty.  This is because "claim definiteness is analyzed not in a vacuum, but always in light of the teachings of the prior art and of the particular application disclosure as it would be interpreted by one possessing the ordinary level of skill in the pertinent art."  *Energizer Holdings, Inc. v. Int'l Trade Comm'n,* 435 F.3d 1366,

---

[1]The Court recognizes that indefiniteness and infringement are separate inquires, *see Procter & Gamble,* 2014 WL 4626011, at *10,  and does not read Dr. Ortega's report as opining on whether the Defendants' accused products infringe the '864 or '999 Patents.  Furthermore, to the extent that GE argues that Dr. Ortega's expert report is inadmissible for purportedly arguing that "there should be numeric limitations on the length of the 'elongated core' of the '864 patent and on the amount of heat received and dissipated ... by the heat sink in the '999 Patent" (Motion to Strike at 10) the Court rejects this argument.  Dr. Ortega does not state that such specific limitations are necessarily required, but, rather, that GE's proposed constructions do not provide any objective boundaries as to the scope of "elongated" and "heat sink."  As noted above, in interpreting *Nautilus,* the Federal Circuit has held that "claims, when read in light of the specification and the prosecution history, must provide *objective boundaries* for those skilled in the art."  *Interval Licensing,* 766 F.3d at 1371 (emphasis added).

4

1370 (Fed. Cir. 2006) (citation and internal quotation marks omitted).

Accordingly, for the reasons discussed above, the Court denies GE's Motion to Strike.

This order resolves the following motions in the following cases: Doc # 57, Case No. 12cv3131;

Doc. # 60, Case No. 12cv3132; Doc. # 63, Case No.12cv3134; Doc. # 54, Case No. 12cv3136.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster 4/8/15*
**Dan Aaron Polster**
**United States District Judge**